# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**NATIONWIDE MUTUAL FIRE**
**INSURANCE**                                                                                                    **PLAINTIFF**

v.                                           CIVIL ACTION NO. 2:21-CV-34-KS-MTP

**INTERFACE SECURITY SYSTEMS, LLC**                                            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **denies** Defendant's Motion for Judgment on the Pleadings [30].

### I. BACKGROUND

Plaintiff is the subrogee of Shirley's, a retailer that operated a store in Collins, Mississippi. In March 2019, burglars set fire to the store after stealing a safe and merchandise. Shirley's made claims on a policy issued by Plaintiff for property damages and business interruption losses, and Plaintiff has paid $4,798,116.18 in policy benefits. Defendant provided security system monitoring services to Shirley's, but the system did not notify local police or Shirley's of the burglary on the night in question, as it was designed to do.

Plaintiff filed this suit, as Shirley's subrogee, against Defendant. Plaintiff alleges that Shirley's relied upon Defendant's representations regarding the quality and reliability of its security system, and that if the security system had functioned properly, the fire would not have occurred. Plaintiff asserted tort claims of negligence, intentional misrepresentation, negligent misrepresentation, breach of warranty of

merchantability, and breach of warranty of fitness for a particular purpose.

Defendant filed a Motion for Judgment on the Pleadings [30]. It argues that a contract between it and Shirley's limits its liability for the subject loss. Defendant also argues that it has no duty to Shirley's outside the contract, and, therefore, it can not be liable in tort. Finally, Defendant argues that Plaintiff's warranty claims must be dismissed because Mississippi law does not recognize a breach of implied warranties arising from the sale of services.

## II. STANDARD OF REVIEW

Motions for judgment on the pleadings are subject to the same standard of review as a motion under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a

complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

"The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore Europe DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 763 (5th Cir. 2019). The Court may also consider matters of public record, *Davis v. Bayless*, 70 F.3d 367, n. 3 (5th Cir. 1995), and any other matters of which it may take judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). However, the "district court has complete discretion to either accept or exclude the evidence." *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2008).

### III. DISCUSSION

*A.    Contract-Based Arguments*

First, Defendant presented arguments based on a contract between it and Shirley's. Specifically, Defendant argues that its liability to Shirley's is limited by a contract executed in 2004. Defendant also argues that it has no duty to Shirley's outside the contract, and, therefore, it can not be liable in tort. Defendant attached a

3

copy of the contract to its Amended Answer [18].

As noted above, when addressing a motion under Rule 12(c), "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore*, 912 F.3d at 763. Defendant's contract arguments are based on a document that was not referenced in the Complaint [1]. Therefore, the Court may not consider the contract without converting the motion into one for summary judgment under Rule 56. *See, e.g. Brand Coupon Network, LLC v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

The Court has "complete discretion" to accept the evidence and convert the motion or exclude the evidence. *Gen. Retail Servs.*, 255 F. App'x at 783. The Court declines to consider the evidence and convert the motion. Accordingly, the Court denies Defendant's Motion for Judgment on the Pleadings [30] with respect to its contract-based arguments.

## B. *Warranties*

Next, Defendant argues that Plaintiff's warranty claims must be dismissed because it sold Plaintiff services, and Mississippi law does not recognize a cause of action for the breach of an implied warranty arising from the sale of services. Plaintiff did not respond to this argument.

Defendant is correct that Mississippi law only contemplates warranties of

merchantability and fitness for a particular purpose in the context of a sale of goods, rather than services. *Smith v. Orkin Exterminating Co., Inc.*, 791 F. Supp. 1137, 1142 n. 6 (S.D. Miss. 1990); *Fed. Ins. Co. v. GE Co.*, 2009 WL 4728696, at *14 (S.D. Miss. Dec. 3, 2009); *see also* MISS. CODE ANN. §§ 75-2-314, 75-2-315. However, Plaintiff alleged that Defendant sold it "upgrades" to the security system, in addition to monitoring services. Complaint [1], at 2. Plaintiff also alleged that Defendant "was a merchant with respect to the purchase and sale transactions involving the security system," *id.* at 5, and that Shirley "relied upon [Defendant's] purported skill and judgment in selecting a security system and related services . . . ." *Id.* at 6. These allegations state a plausible claim that Defendant sold Shirley goods, as well as services.

Defendant contends that the security system is not a "consumer good," and, therefore, that the UCC provisions in question do not apply here. But Sections 75-2-314 and 75-2-315 do not explicitly limit their provisions to "consumer goods." MISS. CODE ANN. §§ 75-2-314, 75-2-315. Moreover, the UCC section cited by Defendant in briefing does not contain the language quoted in Defendant's brief, and it concerns secured transactions, rather than the sale of goods. MISS. CODE ANN. § 75-9-109. Finally, the applicable definition of "goods" is not limited to "consumer goods." MISS. CODE ANN. § 75-2-105.

### IV. CONCLUSION

For these reasons, the Court **denies** Defendant's Motion for Judgment on the

5

Pleadings [30].

SO ORDERED AND ADJUDGED this 26th day of October, 2021.

                                                    /s/   Keith Starrett
                                                  KEITH STARRETT
                              UNITED STATES DISTRICT JUDGE